Gaston, Judge.
 

 The case made out for this court, which is to be regarded in the nature of the appellant’s Bill of Exceptions, státes that the defendant gave in evidence a deed of bargain and sale of the land in dispute, executed to him by Sarah Martin, who had a life estate therein, on the 26th of April, 1828, “a copy whereof is attached and made apart of the case,” and also a deed containing a contract of lease, written on the same sheet of paper and bearing the same date, executed by him t.o the said Sarah, “ a copy of which is also attached and made a part of the case.” But no copy of either of the deeds is attachedj nor is there any other description of either of them, or any statement of their contents. In the hope of obtaining a more complete transcript, we issued a certiorari; but the return in no manner supplies these defects. As therefore we are to presume the judgment ber low right, until error is shewn, and as it is the duty of the appellant to furnish us with the means of ascertaining whether error does-or does not exist, we feel ourselves bound
 
 *277
 
 to understand the deeds referred to, as warranting the operation and construction, which the court below gave to them> unless such operation and construction could not legally be attributed to deeds of that character.
 

 The refusal °afl "anuo”
 

 jail(] »0r a °^ed not he reg-
 

 Dee, i D, v. cited ami’approv-
 

 The case, then, as it appears on the trial, was that Sarah Martin, the tenant for life, duly conveyed her estate to the defendant, who immediately thereafter leased the premises to the said Sarah; that the said Sarah’s interest in the land was duly levied upon and sold under execution, and conveyed to the lessor of the plaintff. There was a controversy between the parties, whether the conveyance to the defendant by Sarah Martin was not fraudulent and void against the plaintiff, claiming under one of her creditors; but the plaintiff insisted, however that might be, he was entitled to recover, because, if that conveyance was valid, the lessor of the plaintiff had acquired Sarah’s interest under the lease from the defendant. And his Honor so instructed the jury. If the lease were a valid one, and the term thereby granted had not expired, clearly this instruction was just. We see nothing to shew that the term had expir.ed,. The case does not set forth that such an objection was raised. Nor do we see any objection raised to the validity of the lease on the trial. It was indeed .contended,
 
 on the motion for a neiu
 
 trial, that the lease was invalid, because it did not appear to have been proved and registered, as is required by law for the conveyance of lands. The refusal of a new trial cannot be assigned for error. That motiop was addressed to the sound discretion of the Judge, and if was for him to say whether he would listen to an objection, which had not .been raised'on the trial, and which was made to the validity of an instrument by the party, who had himself introduced it.— Besides if the lease were for a term of years, registration is not necessary to its validity.
 

 The alleged surprise on the plaintiff as to the legal effept of the lease is a matter of which
 
 we
 
 can take no notice,
 
 (Lindsay
 
 v.
 
 Lee,
 
 1 Dev. 464,) and the question, respecting the admissibility in evidence of the report of the commission- * * * * e.rs to the County Court of Anson upon the state of Sarah Martin’s accounts, as the administratrix of her deceased
 
 *278
 
 band, become wholly immaterial, unless the defendant can shew that the Judge erred in instructing the jury to -find for the plaintiff, although Sarah Martin’s conveyance to the defendant were
 
 bona fide.
 
 The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.